# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TIMOTHY A. NEYLAND**                                                         **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:16CV411-HTW-LRA**

**ROBERT A. MCDONALD, SECRETARY,**
**UNITED STATES DEPARTMENT OF VETERAN AFFAIRS**        **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Timothy A. Neyland filed this Complaint on June 1, 2016, naming Robert A. McDonald, Secretary of the United States Department of Veterans Affairs, as Defendant. Plaintiff paid his filing fee when he filed his Complaint but did not request that summons issue until October 3, 2016. Plaintiff served the Complaint by United States Mail to Defendant, at the Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20420 [3]. On January 25, 2017, Plaintiff filed a motion for entry of default against Defendant. He was advised by the Clerk that he had not complied with Rule 4(i) of the Federal Rules of Civil Procedure in serving an agency of the United States. In order to facilitate Plaintiff's efforts to serve process, the Clerk mailed additional summons forms to Plaintiff. Yet Plaintiff has not completed the forms or requested that summons be reissued. He has made no further effort to properly serve process.

The Court entered an Order on February 28, 2017, directing that the parties advise whether the case is still a live controversy. Plaintiff filed no response by March 1, 2017, as directed, (or even as of this date) and has made no further effort to serve process.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having the summons properly served within 90 days after filing the Complaint.  Furthermore, Plaintiff failed to comply with the Court's February 28, 2017, Order directing that the status of the case be reported.  The case is stalled on the docket of this Court due to Plaintiff's failure to properly serve Defendant.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

Plaintiff filed this case on June 1, 2016, well over one year ago.  The time period for serving process originally expired on or about September 1, 2016, 90 days after the Complaint was filed.  Plaintiff did serve his Complaint by mailing it and the summons to Defendant at the Veteran Department's Washington, D.C. address.  However, Rule 4(i) requires more, including service on the local United States attorney and service of a copy to the officer or employee sued.

Additionally, Plaintiff has failed to comply with the Court's February 28, 2017, Order.  This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*,  370 U.S. 626, 630-631 (1962).  The Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the right of Defendant to promptly and fully defend the claims made against it. It may be that Plaintiff has lost interest in prosecuting his case. If so, he should notify the Court in writing that he wishes to dismiss his Complaint.

It is the opinion of the undersigned that this case should be dismissed without prejudice due to Plaintiff's failure to have the summons issued and properly served in the year since he filed his Complaint. *See* FED. R. CIV. P. 4(m). Additionally, the Complaint should be dismissed due to Plaintiff's failure to prosecute and comply with the Court's prior Order. *See* FED. R. CIV. P. 41(b).

If Plaintiff objects in a timely manner to this Report and Recommendation and shows good cause as to why his case should not be dismissed, he should be granted additional time to cause process to be issued and served.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed.

R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 24th day of August 2017.

S/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE
